**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NORTH CAROLINA**
**CHARLOTTE DIVISION**
**3:20-cv-00165-MOC**
**(3:13-cr-00218-MOC-DSC-1)**

| | |
|---|---|
| **PATRICK O'BRIEN ARTIS,** ) | |
| ) | |
| **Petitioner,** ) | |
| ) | |
| vs. ) | **ORDER** |
| ) | |
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| ) | |
| **Respondent.** ) | |
| ) | |

**THIS MATTER** is before the Court on Petitioner's "Motion Pursuant to Rule 60(b)6 Procedural Error." [CV Doc. 1].[1] For the following reasons, the Court finds that this is an unauthorized, successive petition, and the Court, therefore, denies the Motion.

**I.   BACKGROUND**

Most of the relevant factual and procedural background of this matter has been previously described in detail by the Court in its May 21, 2018 Order denying and dismissing with prejudice Petitioner's original Section 2255 Motion to Vacate, Set Aside or Correct Sentence and the same is herein incorporated by reference. [See CR Doc. 29]. Petitioner's original Section 2255 motion was adjudicated on the merits. [Id.]. The Fourth Circuit Court of Appeals dismissed Petitioner's appeal from the Court's Order denying his Section 2255 motion. [CR Doc. 32].

Petitioner filed the instant motion, which this Court construes as a successive motion to vacate under 28 U.S.C. § 2255. In his motion, Petitioner asserts that the District Court committed

---
[1] Citations to the record herein contain the relevant document number referenced preceded by either the letters "CV," denoting that the document is listed on the docket in the civil case file number 3:20-cv-00165-MOC, or the letters "CR," denoting that the document is listed on the docket in the criminal case file number 3:13-cr-00218-MOC-DSC-1.

a "procedural error" in sentencing Petitioner as a career offender. [CV Doc. 1]. Petitioner argues that this error is "extraordinary" because Petitioner "went from a criminal history category V to a criminal history category VI." [Id. at 3]. Petitioner asserts that without the enhancement his sentence would have been a term of 63-78 months' imprisonment. [Id.].

## II. STANDARD OF REVIEW

Pursuant to Rule 4(b) of the Rules Governing Section 2255 Proceedings, sentencing courts are directed to promptly examine motions to vacate, along with "any attached exhibits and the record of prior proceedings" in order to determine whether a petitioner is entitled to any relief. After having considered the record in this matter, the Court finds that no response is necessary from the United States. Further, the Court finds that this matter can be resolved without an evidentiary hearing. See Raines v. United States, 423 F.2d 526, 529 (4th Cir. 1970).

## III. DISCUSSION

Petitioner purports to seek relief under Federal Rule of Civil Procedure 60(b)(6).[2] [CV Doc. 1]. Where a petitioner seeks relief from a judgment under Rule 60(b) on grounds other than clerical mistake, courts must treat such a motion as seeking successive post-conviction relief when failing to do so would allow the applicant to evade the bar against relitigation of claims presented in prior application or the bar against litigation of claims not presented in a prior application. United States v. Winestock, 340 F.3d 200, 206 (4th Cir. 2003) (requiring district courts to review Rule 60(b) motions to determine whether such motions are tantamount to a § 2255 motion). Regarding Rule 60(b) motions that are actually attempts at successive collateral review, the Fourth Circuit has stated:

> a motion directly attacking the prisoner's conviction or sentence will

---

[2] Federal Rule of Civil Procedure 60(b)(6) provides for post-judgment relief where the moving party demonstrates "any other reason that justifies relief." Fed. R. Civ. P. 60(b).

> usually amount to a successive application, while a motion seeking a remedy for some defect in the collateral review process will generally be deemed a proper motion to reconsider.

Id. at 207.

Here, Petitioner's motion again attacks his conviction and sentence, arguing that his sentence was erroneously imposed. As such, Petitioner's motion must be construed as a § 2255 motion to vacate, notwithstanding its caption. See Gonzalez v. Crosby, 545 U.S. 524, 530-31 (2005) (holding that Rule 60(b) motions are treated as successive habeas petitions); Everette v. United States, No. 5:04-cv-358, 2012 WL 4486107, at *2-3 (E.D.N.C. Sept. 28, 2012); United States v. MacDonald, 979 F. Supp. 1057, 1068 (E.D.N.C. 1997) (stating a motion to reopen is akin to a successive habeas petition). Since Petitioner has already filed a motion under § 2255 and this Court has adjudicated the motion on the merits, Petitioner's instant motion is a "second or successive" motion under § 2255. Winestock, 340 F.3d at 206.

Pursuant to 28 U.S.C. § 2244(b)(3)(A), "[b]efore a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." Thus, Petitioner must first obtain an order from the United States Court of Appeals for the Fourth Circuit before this Court will consider any second or successive petition under 28 U.S.C. § 2255. Petitioner has not shown that he has obtained the permission of the United States Court of Appeals for the Fourth Circuit to file a successive petition. See also 28 U.S.C. § 2255(h) (stating that "[a] second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals"). Accordingly, this successive petition must be dismissed. See Burton v. Stewart, 549 U.S. 147, 153 (2007) (holding that failure of petitioner to obtain authorization to file a "second or successive" petition deprived the district court of jurisdiction to

consider the second or successive petition "in the first place").

## IV. CONCLUSION

For the foregoing reasons, the Court will dismiss Petitioner's Section 2255 Motion to Vacate for lack of jurisdiction because the motion is a successive petition and Petitioner has not first obtained permission from the Fourth Circuit Court of Appeals to file the motion.

**IT IS, THEREFORE, ORDERED** that

1. Petitioner's Motion to Vacate [Doc. 1] is **DISMISSED** as a successive petition.

2. **IT IS FURTHER ORDERED** that pursuant to Rule 11(a) of the Rules Governing Section 2254 and Section 2255 Cases, this Court declines to issue a certificate of appealability. See 28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 338 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); Slack v. McDaniel, 529 U.S. 473, 484 (2000) (when relief is denied on procedural grounds, a petitioner must establish both that the dispositive procedural ruling is debatable and that the petition states a debatable claim of the denial of a constitutional right).

Signed: March 24, 2020

Max O. Cogburn Jr.
United States District Judge